■ ORVAL R. SAUNDERS, Respondent, v. CITY OF NEW YORK, Respondent, and COUNTY OF NASSAU, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ. [See 1 A D 2d 983.]

■ JOSEPH SULKOWITCH, Respondent, v. MADISON SQUARE GARDEN CORPORATION, Appellant, et al., Defendant.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

■ LORENZ TOMITZ et al., Appellants, v. STANLEY MICHALOWSKI et al., Respondents.— On consent, motion to dismiss appeal granted, without costs, and appeal dismissed. Present — Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

■ AGNES M. C. ALFARO, Appellant, v. CARL E. ALFARO, Respondent.— In an action for a separation the appeal is from a resettled judgment insofar as such judgment dismisses the amended complaint and fails: (a) to adjudge that appellant is the wife of respondent; (b) to award appellant alimony as respondent's wife, and (c) to adjudge that respondent is estopped from repudiating the Mexican divorce decree which he obtained against his previous wife in 1940, prior to his marriage to appellant. Judgment, insofar as appealed from, reversed, without costs, and action remitted to the Special Term for the limited purposes hereinafter stated. It would be helpful to a proper determination of the issues of law raised by the respective parties if, on the basis of all the proof heretofore adduced, the Special Term would indicate its ultimate findings upon the material facts surrounding the 1940 Mexican divorce decree. Accordingly, this action is remitted to the Special Term for the sole purpose of making specific findings as to the following issues of fact in relation to such decree: (1) Did respondent appear in person in the Mexican court? (2) Did respondent testify in person in the Mexican court? (3) When the parties went to Mexico in 1940, did respondent go there solely for the purpose of obtaining a divorce? (4) When the parties went to Mexico in 1940, did respondent intend to maintain his residence in the State of New York, rather than to establish a permanent residence in Mexico? (5) Prior to the date respondent obtained such Mexican decree of divorce, did appellant know or was she advised that respondent did not intend to relinquish his residence in New York? (6) Prior to the marriage of the parties in Mexico, did appellant know or was she advised that the said Mexican decree of divorce would be invalid in New York? Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ ANONYMOUS, Respondent, v. ANONYMOUS, Appellant.— In an action for a separation, the appeal is from an order insofar as it denies a motion to vacate respondent's notice to examine appellant before trial and directs him to submit to examination and to produce specified records. Order, insofar as appealed from, affirmed, with $10 costs and disbursements; the examination to proceed on five days' notice. No opinion. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.